## PEOPLE *v.* PRICE

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF CRIME.
   Jury instructions should contain remarks which address themselves to all elements of a crime; otherwise they are incomplete and may be misleading to members of the jury.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—COURT RULE—EXCEPTIONS.
   The court rule which states that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict has exceptions in criminal cases (GCR 1963, 516.2).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF CRIME.
   A trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of a request for such instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4, 6] 53 Am Jur, Trial § 639.
[2] 53 Am Jur, Trial § 824 *et seq.*
[5] 53 Am Jur, Trial § 668 *et seq.*

4. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS—LEGALLY ES-
SENTIAL INGREDIENTS OF CRIME—ERRONEOUS OR MISLEADING
CHARGE.

Omission from the charge to the jury of a legally essential in-
gredient of the crime, or inclusion of an erroneous or mis-
leading charge is reversible error in a criminal prosecution.

5. CRIMINAL LAW—EVIDENCE—INSTRUCTIONS TO JURY.

A defendant in a criminal case has a right to have a properly
instructed jury pass upon the evidence.

6. CRIMINAL LAW—LARCENY FROM AN AUTOMOBILE—INSTRUCTIONS
TO JURY—ELEMENTS OF CRIME.

Instructions to jury in prosecution for larceny of goods of a
value more than $5 which related to the elements of larceny
but omitted the specific elements that the motor vehicle must
have been entered or broken into, and that the purpose was
the larceny of goods valued in excess of $5 from the motor
vehicle was error (CL 1948, § 750.356a).

Appeal from Recorder's Court of Detroit, Gerald
W. Groat, J. Submitted Division 1 January 15, 1970,
at Detroit. (Docket No. 7,137.) Decided February
6, 1970.

Frank Price was convicted of larceny from a
motor vehicle of property of a value greater than $5.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Thomas P. Smith,* Assistant
Prosecuting Attorney, for the people.

*Abba I. Friedman,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and Mc-
GREGOR, JJ.

FITZGERALD, J. Defendant Frank Price was ar-
rested on September 23, 1967, in the city of Detroit

and charged with larceny from a motor vehicle of property of value greater than $5, contrary to CL 1948, § 750.356a (Stat Ann 1954 Rev § 28.588[1]). He was arraigned on a complaint and warrant on September 25 in Detroit recorder's court and a plea of not guilty was entered on his behalf. Following an examination, he was bound over for trial, and on January 24, 1967, he was arraigned on the information and stood mute, whereupon a plea of not guilty was entered on his behalf.

The trial was scheduled for December 13, 1967. However, in view of several adjournments, the matter was not heard until April of 1968. On April 4, 1968, defendant was tried by a jury which rendered a verdict of guilty and shortly thereafter he was sentenced to 3–1/2 to 5 years imprisonment.

Defendant raises several issues for consideration on this appeal, the most meritorious and the one to which the Court will address itself concerns the question of whether the trial court committed error by instructing the jury on some elements of the offense and omitting others. Defendant argues that the court failed to instruct the jury on two essential elements which constituted larceny from an automobile. Defendant cites *People v. Burkardt* (1965), 374 Mich 430, for purposes of analogizing that the questioned instruction was confusing to the jury and constituted reversible error. Defendant avers that the trial court's instructions were erroneous in that they related only the elements of larceny while no specific charge was given to the effect that the jury must find that the motor vehicle was entered or broken into, and that the purpose was the larceny of goods valued in excess of $5 from the motor vehicle.

A review of the record in the instant case reveals that the statute cited, *supra,* under which defendant

was convicted, was read to the jury. Obviously that particular statute states that the larceny must be from an automobile. Furthermore, the uncontroverted testimony is that the larceny, if any, was from an automobile. However, following the reading of the information and statute, the court enumerated the elements of the crime of larceny but failed entirely to charge on the elements of larceny from a motor vehicle.

It appears well settled that instructions should contain remarks which address themselves to all elements of the crime; otherwise the instructions are incomplete and may be misleading to members of the jury. It is apparent that the case at bar comes within the purview of *People* v. *MacPherson* (1949), 323 Mich 438, wherein it was stated:

"It is the duty of a trial court in charging a jury as to the elements of an offense, and what must be proved in order to establish such elements, to do so accurately. The proper protection of the rights of an accused on trial requires this to be done."

See *People* v. *Bowen* (1968), 10 Mich App 1.

In spite of GCR 1963, 516.2, which states that, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict * * * ," our Supreme Court has held that there are exceptions. In *People* v. *Liggett* (1967), 378 Mich 706, 714, the Court stated:

"It is settled law of this State that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People* v. *Prinz* (1907), 148 Mich 307; *People* v. *Kanar* (1946), 314 Mich 242,

254; *People* v. *Hearn* (1958), 354 Mich 468. Similarly, without a request a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People* v. *MacPherson* (1949), 323 Mich 438, 448 *et seq.; People* v. *Guillett* (1955), 342 Mich 1, 7; *People v. Oberstaedt* (1964), 372 Mich 521, 526. Defendant has a right to have a properly instructed jury pass upon the evidence. *People* v. *Visel* (1936), 275 Mich 77, 81."

The rationale for the insistence upon a properly instructed jury seems obvious, for the charge of the trial court, stating some of the elements of the offense involved without reference to others, would have a natural tendency to cause a jury to believe that those elements stated were exclusive.

In light of the strong language of *Liggett* and *MacPherson, supra,* which is directly applicable to the instant case, we hold that the trial court committed reversible error in its failure to instruct the jury on all elements of the crime with which defendant was charged.

Reversed and remanded for a new trial.

All concurred.