PEOPLE v SAMUELSON

1. Criminal Law—Instructions to Jury—Insanity Defense—Statutes—Disposition of Defendant.

An instruction to a jury regarding the disposition of a defendant if found to be not guilty by reason of insanity is properly given where the defense of insanity has been raised and such instruction is requested by defense counsel or by the jury; the wording of such an instruction is controlled by a section of the Mental Health Code and by Supreme Court precedent and it must inform the jury that the defendant could be set free within a short time (MCLA 330.2050; MSA 14.800[1050]).

2. Criminal Law—Instructions to Jury—Insanity Defense—Disposition of Defendant.

The giving of an improper jury instruction regarding the disposition of a defendant if found not guilty by reason of insanity is not reversible error where the instruction given was in fact helpful to the defendant's claim of insanity and where there was no objection made at trial to the charge.

3. Criminal Law—Sentencing—Prior Criminal Activity.

A trial judge may, upon imposing sentence, consider a defendant's criminal activity other than that for which sentence is being imposed so long as the information relied on is accurate; therefore, no error was committed where a judge considered a letter from a defendant's psychiatrist to the defendant's attorney indicating that the defendant had committed five prior rapes and no objection was made challenging the accuracy of the letter.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted March 10, 1977, at Lansing. (Docket No. 28621.) Decided April 19, 1977.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 43, 45.
[2] 21 Am Jur 2d, Criminal Law § 64.
[3] 21 Am Jur 2d, Criminal Law § 525.

Stephen A. Samuelson was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Joseph E. Baessler,* for defendant on appeal.

Before: D. F. Walsh, P. J., and Allen and N. J. Kaufman, JJ.

Per Curiam. Defendant, charged with rape, MCLA 750.520; MSA 28.788, was tried by jury in September, 1975, and found guilty as charged. The defense at trial was insanity. Sentenced to a term of 35 to 55 years in prison, he appeals of right asserting as his main ground of error the trial court's *sua sponte* instruction over objection by counsel as to a defendant's disposition following a verdict of not guilty by reason of insanity.

Following the conclusion of proofs, defense counsel submitted in writing three requests to charge. Request #2 was worded as follows:

"2. That Defendant specifically requests that the Court in its instruction, not follow the mandate of *People v Cole,* 382 Mich 695 (1969) which allows the jury to be instructed as to the disposition that would result from a finding that Defendant was not guilty by reason of insanity."

In the colloquy which followed, the trial court stated that unless the jury were given some explanation as to what would happen to a defendant who was found not guilty by reason of insanity, a

jury would be reluctant to return such a verdict. The transcript then continues as follows:

"THE COURT: * * * [W]hen I give the possible verdicts, guilty as charged, or not guilty by reason of insanity, or not guilty, and then I would go a step further: A verdict of not guilty by reason of insanity under our law now means that *the defendant will be confined in a hospital for the mentally ill,* until the superintendent has certified and the Court is satisfied that such person has recovered his sanity and will not in the reasonable future be dangerous to himself and others, and at such time the Court will order his release.

"Now, that is the law that applies under this particular case; because the offense occurred prior to the new mental health code law.

"MR. PARKER: *Okay, your Honor. That's what I wanted to be sure.* I don't want the jury to—to be prejudiced in learning the new procedures under the mental health code, what happens to the defendant.

"THE COURT: The new mental health code has nothing to do with it. * * * The new code only became effective August the 8th of 1975; but it was not retroactive to any crimes committed prior to that time. It is only permitted to be used in crimes committed since August the 8th, 1975. So, we're still under the old law; and under the old law I give the jury the disposition." (Emphasis supplied.)

No further objection was raised by defense counsel to the proposed instruction on disposition, and the exchange of views between the court and defense counsel turned to requested instruction #3, *viz.* the proper definition of insanity and irresistible impulse as described in *People v Garbutt,* 17 Mich 9, 23 (1868), and *People v Martin,* 386 Mich 407, 418; 192 NW2d 215 (1971). Court and counsel were

unable to reach agreement as to the propriety of this instruction.[1]

The court then instructed the jury on the disposition of a defendant found not guilty by reason of insanity as follows:

"The possible verdicts in this case are guilty as charged, or not guilty by reason of insanity, or not guilty.

"Let me go one step further. A verdict of not guilty by reason of insanity under our law now means that Stephen Allen Samuelson will be confined in a hospital for the mentally ill until the superintendent has certified and the Court is satisfied that such person has recovered his sanity and will not in the reasonable future be dangerous to himself and to others, in which event and at such time the Court will order his release."

Whereupon the jury retired to commence its deliberations and the trial judge inquired of counsel whether they had objections to the instructions as given. Counsel's response follows:

"THE COURT: * * * On behalf of the People, errors or omissions.

"MR. BEAUDRY: And, the People have none.

"THE COURT: On behalf of the defendant.

"MR. PARKER: Only the one that we mentioned on an earlier occasion, Judge. And, your Honor—

"THE COURT: I gave—

"MR. PARKER: And, you gave a ruling on that. So—

"THE COURT: And, I also amended it and gave it from—I believe *People vs. Martin.*

"MR. PARKER: Yes, your Honor. I—I thank you.

"THE COURT: I gave the three portions of that.

---

[1] Proposed instruction #3 is not an issue in this appeal but is mentioned in this opinion because of its relevance to defense counsel's response when, following the jury charge, the court inquired if counsel had objections to the charge as given.

"MR. PARKER: Thank you your Honor. That's all I have.

"THE COURT: Anything else?

"MR. PARKER: Nothing, your Honor."

Prior to the decision of first impression in Michigan in *People v Cole,* 382 Mich 695, 720; 172 NW2d 354 (1969), any reference to the penalty which an accused would suffer, if found guilty, was prohibited. But in *Cole* an exception was made in cases where insanity was raised as a defense. However, the exception was clearly restricted to instances where the request was made by defense counsel or by the jury.

"We feel that *Lyles v United States, supra,* is the better reasoned authority and hold that in all criminal trials or retrials taking place after the date of the filing of this opinion, where the defense of insanity is present and that issue is made submissible by the proofs, *the defendant, upon his own timely request, or upon request of the jury,* shall be entitled to an instruction in accord with the rule of *Lyles." Id.,* at 720–21. (Emphasis supplied.)

By implication *Cole* would prohibit a *sua sponte* instruction by the court even though *Lyles v United States,* 103 US App DC 22; 254 F2d 725 (1957), mandated that the instruction be given unless objected to by defense counsel.[2] However, *Lyles* left unanswered the question of whether a trial court might give such an instruction over objection of counsel. The general terms, though not the exact wording, of a *Cole-Lyles* charge was

[2] "Sometimes a defendant may not want such an instruction given. If that appears affirmatively on the record we would not regard failure to give it as grounds for reversal. Otherwise, whenever hereafter the defense of insanity is fairly raised, the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity in accordance with the view expressed in this opinion." *Lyles, supra* at 25–26.

described by the *Lyles* Court[3] and the charge given in the instant case—"the automatic commitment charge"—fits within that prescription.

But the automatic commitment charge became obsolete when MCLA 767.27b; MSA 28.966(12), providing for "automatic" commitment and release upon proof of sanity, was repealed by the new Mental Health Code, MCLA 330.2050; MSA 14.800 (1050), which established a 60-day commitment period, followed by a sanity hearing, after which the defendant might either be committed *or discharged* pursuant to *People v McQuillan,* 392 Mich 511, 544; 221 NW2d 569 (1974). Neither the new statute nor *McQuillan* changed the conditions under which a disposition instruction could be given. But they did change the form, *viz.,* wording, of the instruction.[4] A *Cole* type instruction would inform the jury that defendant would not immediately be set free following an insanity verdict whereas a *McQuillan* type instruction would inform the jury that the defendant could be set free, if not immediately at least within a short time. Obviously, a *McQuillan* instruction is what defense counsel in the instant case did not wish the jury to hear.

Sub-section (1) of MCLA 330.2102; MSA 14.800 (1102) establishes the effective date of the new Mental Health Code as August 6, 1975. Sub-section (3) provides that the new statute applies to persons found not guilty by reason of insanity on or after the effective date of the statute. Inadvertently believing that the controlling date was the date of

---

[3] *Lyles, supra,* at 25.

[4] The *Lyles* rule related to an automatic commitment statute similar to the Michigan law when *Cole* was decided. In 1970, the District of Columbia code was amended similar to Michigan's new Mental Health Code and a sanity hearing was required within 50 days. In *United States v Brawner,* 153 US App DC 1, 28–30; 471 F2d 969, 996–998 (1972), the Court reconsidered the *Lyles* charge and held that the instruction should be revised to conform with the statute as amended.

the offense—August 30, 1974—rather than the date of the verdict—September 18, 1975—the trial judge gave a *Cole*-form disposition instruction rather than a *McQuillan*-form instruction. The instruction given was favorable to defendant's defense of insanity, whereas the instruction which should have been given, assuming, *arguendo,* that a request therefor had been made by defense counsel or jury, would have prejudiced defendant. Thus, we come to the controlling question raised on this appeal: Did the trial court commit reversible error by giving the instruction in the instant case?

We hold that it was error to *sua sponte* give a disposition instruction and that the instruction given was wrong. Nevertheless, we do not believe the error constitutes reversible error. We have already noted that the instruction given was helpful to defendant's claim of insanity. Indeed, this Court has gone so far as to characterize a *sua sponte Cole* type instruction as "laudable" where, as in the instant case, the defendant raised insanity as a defense. *People v Alvin Reed,* 43 Mich App 556; 204 NW2d 319 (1972). Furthermore, no objection was made to the charge at trial. As can be seen from our recitation from the transcript, defense counsel actually withdrew his objection to the giving of a disposition instruction. His withdrawal came after he learned that the court did not intend to charge under *McQuillan* and the new Mental Health Code. When asked by the trial judge whether there were objections to the instructions as given the jury, counsel referred only to his objection to requested instruction #3. In the absence of a showing of manifest injustice and because objection was withdrawn, the error has not been preserved for appellate review. GCR 1963,

516.2. See *People v Gray,* 57 Mich App 289; 225 NW2d 733 (1975).

The defendant's presentence file contained a letter from defendant's psychiatrist to defendant's attorney to the effect that the patient had committed five prior rapes. This fact was mentioned by the trial court at sentencing. No objection was made by counsel at the time and no claim is made on appeal to us that the information was not accurate. However, defendant does contend that remand for resentencing is required because the information was protected by the patient-physician privilege. We disagree. A trial judge may consider other criminal activity when imposing sentence. *People v Lee,* 391 Mich 618, 636; 218 NW2d 655 (1974). The question is whether such information is accurate rather than whether it is considered by the sentencing judge. Only if the accuracy of the "other" information is challenged by the defendant is reliance thereon improper until the accuracy thereof has been established. *People v Hildabridle,* 45 Mich App 93, 95; 206 NW2d 216 (1973); *People v Pulley,* 66 Mich App 321, 330; 239 NW2d 366 (1976).

At sentencing, counsel stated "we have reviewed the report" and made no objection. Accordingly, we find no error.

Affirmed.