PEOPLE v ASHFORD

Docket No. 77-3549. Submitted May 3, 1979, at Detroit.—Decided
August 20, 1979.

Marshall Ashford was convicted of two counts of first-degree
criminal sexual conduct, one for forcing a complainant to
perform fellatio during the commission of another felony,
namely armed robbery, and one for forcing the same act of
fellatio while the defendant was armed with a dangerous
weapon, and one count of armed robbery, Recorder's Court of
Detroit, Justin C. Ravitz, J. The defendant appeals. *Held:*

1. The defendant's lack of objection to the trial judge's
alleged failure to instruct the jury on all elements of the
charged crime of first-degree criminal sexual conduct did not
waive the defendant's rights to review. However, it was not
error for the trial court to fail to instruct the jury on the
sexual nature of fellatio, since there is no question about the
sexual nature of this act.

2. The defendant failed to object to the trial court's instruc-
tion to the jury, given *sua sponte,* regarding the disposition of
the defendant should he be found not guilty by reason of
insanity. In the absence of a showing of manifest injustice, this
issue was not preserved for appeal.

3. The prosecutor's comments regarding the disposition of the
defendant should a verdict of not guilty by reason of insanity
be returned do not mandate reversal. The comments of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 713, 908.
[2] 75 Am Jur 2d, Trial §§ 701, 718.
[3] 75 Am Jur 2d, Trial § 906 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 624.
[5] 40 Am Jur 2d, Hospitals and Asylums § 43.
   31 Am Jur 2d, Expert and Opinion Evidence § 36 *et seq.*
   Admissibility under business entry statutes of hospital records in
      criminal cases. 69 ALR3d 22.
[6] 31 Am Jur 2d, Expert and Opinion Evidence § 36 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
   Double jeopardy under statutes relating to sexual psychopaths. 24
      ALR2d 354.

prosecutor were in response to defense counsel's remarks and were brief and not prejudicial.

4. Testimony by an expert witness for the prosecution regarding the defendant's sanity was properly admitted into evidence. The expert's opinion testimony was properly based, in part, upon a chart compiled during the defendant's 30-day stay at the forensic center.

5. The foundation for the prosecution's expert witness's testimony was properly brought out on cross-examination. It did not have to be laid prior to the witness's direct testimony.

6. Defendant's allegation that the trial court erred in considering incorrect information in the presentencing report was not preserved for appeal.

7. The defendant's constitutional protection against double jeopardy was violated by convictions on two separate counts of first-degree criminal sexual conduct where there was only one sexual act involved. The conviction on the second count of first-degree criminal sexual conduct is reversed, the other is affirmed.

Convictions for one count of first-degree criminal sexual conduct and for armed robbery are affirmed. The conviction for the second count of first-degree criminal sexual conduct is reversed.

1. CRIMINAL LAW — INSTRUCTIONS TO JURY — ELEMENTS OF CHARGED CRIME — REQUEST FOR INSTRUCTIONS — FAILURE TO OBJECT — APPEAL AND ERROR.

It is incumbent upon a trial judge to instruct the jury on all elements of a charged crime even in the absence of a request by the defendant; lack of objection to the trial judge's failure to so instruct the jury does not waive the defendant's right to review.

2. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — SEXUAL ACT — FELLATIO — INSTRUCTIONS TO JURY.

There is no question about the sexual nature of an act of fellatio; therefore, where a defendant was charged with first-degree criminal sexual conduct for forcing a complainant to perform fellatio, it was not error for the trial court to fail to give an instruction to the jury concerning the sexual nature of the act.

3. APPEAL AND ERROR — CRIMINAL LAW — INSTRUCTIONS TO JURY — NOT GUILTY BY REASON OF INSANITY — DISPOSITION OF DEFENDANT — MANIFEST INJUSTICE.

A defendant may not raise on appeal a claim that a trial judge gave, *sua sponte,* an instruction to the jury regarding the

disposition of the defendant should he be found not guilty by reason of insanity, unless the defendant makes a showing of manifest injustice, where no objection was raised at trial.

4. CRIMINAL LAW — PROSECUTOR'S COMMENTS — INSANITY — DISPOSITION OF DEFENDANT — APPEAL AND ERROR.

Neither the prosecutor nor defense counsel may comment during trial upon the consequences of a jury finding that a defendant is not guilty by reason of insanity; however, where a prosecutor's remarks regarding such consequences are in response to defense counsel's comments regarding the same subject and the remarks are brief and not prejudicial, no reversible error occurs.

5. WITNESSES — EXPERT WITNESSES — CRIMINAL LAW — EVIDENCE — ADMISSIBILITY OF EVIDENCE — STATUTES.

Opinion testimony of an expert psychiatric witness that was based on a chart compiled during a defendant's stay at the forensic center is admissible as evidence where the chart was of historical value to the expert (MCL 330.2028[3]; MSA 14.800[1028][3]).

6. WITNESSES — EXPERT WITNESSES — BASIS OF OPINION — CROSS-EXAMINATION — COURT RULES.

The factual data upon which an expert witness has based his opinion is not required to be presented on direct examination; it may be brought out on cross-examination (GCR 1963, 605).

7. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — TWO CONVICTIONS — SINGLE OFFENSE — CRIMINAL SEXUAL CONDUCT.

Conviction of a defendant on two separate counts of first-degree criminal sexual conduct where there was only one sexual act involved violates the defendant's constitutional protection against double jeopardy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offender Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour),* for defendant on appeal.

Before: J. H. Gillis, P.J., and Beasley and R. B. Webster,* JJ.

J. H. Gillis, P.J. Defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520(b)(1); MSA 28.788(2)(1), and one count of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to life imprisonment on each count and appeals by right.

On July 17, 1976, Linda Hollins was at a motel with a friend, Stephen Harris. At or about 3:30 a.m., defendant forcibly entered the room with a gun in his hand. He ordered Harris to get into the closet. Defendant then asked Ms. Hollins for money and dope and took approximately $25 from her purse.

After taking the money, defendant made Ms. Hollins perform fellatio while he held the gun to her head. He then told her to get into the closet and stay there for five minutes. When Harris and Ms. Hollins came out of the closet they noted that Harris's shoes and money from his pants were missing.

Defendant was identified by Ms. Hollins in a lineup held on November 26, 1976.

Defendant's initial arguments concern the trial court's instructions. He contends the trial court failed to specifically instruct the jury that to be guilty of first-degree criminal sexual conduct defendant must have committed a sexual act. Furthermore, defendant contends the trial court failed to instruct the jury on intent and asportation as elements of armed robbery.

While defendant did not object to the court's instructions at trial, it is incumbent upon the

* Circuit judge, sitting on the Court of Appeals by assignment.

judge to instruct on all elements of the charged crime even in the absence of a request by the defendant. Failure to object does not waive the defendant's right to review in these circumstances. *People v Price,* 21 Mich App 694; 176 NW2d 426 (1970).

Defendant's contention that the trial court should have given CJI 20:2:04 which defines "sexual act" is without merit. The note to that section indicates the instruction must be given when there is any question about the sexual nature of the act. Here, the facts indicate defendant forced Ms. Hollins to perform fellatio. There is no question about the sexual nature of this act. Hence, it was not error to omit CJI 20:2:04.

We also reject defendant's argument concerning the armed robbery instructions. A review of the transcript reveals that the jury was instructed on both specific intent and asportation.

Defendant next argues that the trial court committed reversible error by *sua sponte* instructing the jury regarding the disposition of defendant should he be found not guilty by reason of insanity. In the absence of an objection this Court will not reverse unless manifest injustice is shown. *People v Samuelson,* 75 Mich App 228; 254 NW2d 849 (1977). Defendant has failed to demonstrate such a result.

Defendant also argues that the prosecutor's comments regarding the disposition of defendant as a result of a verdict of. not guilty by reason of insanity mandate reversal. While the general rule proscribes such comment by either counsel, no reversible error occurs where, as here, the comments of the prosecutor were in response to defense counsel's remarks and were brief and not prejudicial. *People v Hall,* 83 Mich App 632; 269

NW2d 476 (1978), *People v Blake,* 58 Mich App 685; 228 NW2d 519 (1975).

Defendant also argues that the trial court committed reversible error by admitting the testimony of an expert witness, Dr. Margolis, who testified that in his opinion defendant was not insane at the time of the offense.

Dr. Margolis was a psychiatrist who examined the defendant pursuant to a court ordered evaluation. Dr. Margolis based his opinion, in part, upon a chart compiled during defendant's 30-day stay at the forensic center. MCL 330.2028(3); MSA 14.800(1028)(3) provides in part:

"Information gathered in the course of a prior examination that is of historical value to the examining qualified clinician may be utilized in the formulation of an opinion in any subsequent court ordered evaluation."

We find that Dr. Margolis's testimony was admissible under this provision. Furthermore, a foundation did not have to be laid prior to the witness's testimony, but was properly brought out upon cross-examination. GCR 1963, 605, *People v King,* 58 Mich App 390; 228 NW2d 391 (1975).

Defendant's argument that the trial court erred in considering incorrect information contained in the presentencing report was not preserved for appeal. See *People v Powell,* 87 Mich App 192, 194; 274 NW2d 16 (1978).

Defendant's contention that the constitutional protection against double jeopardy was violated when he was convicted on two separate counts of criminal sexual conduct where there was only one act is correct. *People v Willie Johnson,* 406 Mich 320; 279 NW2d 534 (1979). Therefore, his convic-

tion on the second count of first-degree criminal sexual conduct is reversed and the sentence imposed for that charge is vacated.

Defendant's other two convictions are affirmed.