## PEOPLE v TENBRINK

Docket No. 78-727. Submitted May 3, 1979, at Grand Rapids.—Decided November 5, 1979. Leave to appeal applied for.

Defendant, Gerrit Tenbrink, was found guilty but mentally ill in the Kent Circuit Court of first-degree criminal sexual conduct. Defendant appeals alleging that Roman J. Snow, J., erred at trial in *sua sponte* informing the jury of the possible dispositions of defendant in the event of a verdict of not guilty by reason of insanity or guilty but mentally ill and by failing to instruct on lesser included offenses. He also alleges that the statutes providing for disposition upon a verdict of guilty but mentally ill are invalid because the Department of Corrections is failing to meet its statutory obligation. *Held:*

1. A trial court, in a case involving possible verdicts of not guilty by reason of insanity and guilty but mentally ill, does not err in *sua sponte* informing the jury as to the disposition of defendant in the event of either of those verdicts. Furthermore, the Court of Appeals will not reverse a trial court which *sua sponte* gave instructions to the jury in a criminal case to which the defendant did not object unless it is necessary to prevent manifest injustice.

2. The appropriate remedy where the Department of Corrections fails to meet its statutory obligation to provide the psychiatrically-indicated treatment for a defendant and other inmates sentenced under the statute providing for a verdict of guilty but mentally ill is a complaint for a writ of mandamus to the Department of Corrections to enforce its duty under the statute.

Affirmed.

1. CRIMINAL LAW — INSTRUCTIONS TO JURY — APPEAL AND ERROR.
   The Court of Appeals will not reverse a trial court which *sua*

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trials §§ 906-908.
[2] 75 Am Jur 2d, Trial §§ 738-742, 883.
[3] 60 Am Jur 2d, Penal and Correctional Institutions §§ 4, 9, 52.
[4] 75 Am Jur 2d, Trial §§ 876-882.
[5] 75 Am Jur 2d, Trials §§ 162, 211 *et seq.*

*sponte* gave instructions to the jury in a criminal case to which the defendant did not object unless it is necessary to prevent manifest injustice.

2. Criminal Law — Instructions to Jury — Disposition of Defendant — Guilty But Mentally Ill — Not Guilty by Reason of Insanity — Verdicts.

A trial court, in a case involving possible verdicts of not guilty by reason of insanity and guilty but mentally ill, did not err in *sua sponte* informing the jury as to the disposition of defendant in the event of either of those verdicts.

3. Criminal Law — Department of Corrections — Guilty But Mentally Ill — Psychiatric Treatment — Duty to Provide Treatment — Breach of Duty — Mandamus — Statutes.

The appropriate remedy where the Department of Corrections fails to meet its statutory obligation to provide the psychiatrically-indicated treatment for a defendant and other inmates sentenced under the statute providing for a verdict of guilty but mentally ill is a complaint for a writ of mandamus to the Department of Corrections to enforce its duty under the statute (MCL 768.36[3], [4]; MSA 28.1059[3], [4]).

4. Criminal Law — Lesser Included Offenses — Instructions to Jury.

A failure to instruct on lesser included offenses will not be regarded as reversible error, with the sole exception of first-degree murder cases, absent a request for such instruction before the jury retires to consider its verdict.

5. Criminal Law — Arguments of Prosecutor — Failure to Object — Curative Instructions — Appeal and Error.

Failure to object to a prosecutor's closing arguments at trial is a bar to appellate review unless the prejudicial effect of the prosecutor's comments was so great that it could not have been cured by a timely objection and cautionary instruction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Buth, Wood & Weidaw,* for defendant on appeal.

Before: MacKenzie, P.J., and D. E. Holbrook, Jr., and Cynar, JJ.

D. E. Holbrook, Jr., J. Defendant appeals as of right his September 1, 1976, jury conviction of guilty but mentally ill, MCL 768.36; MSA 28.1059, of criminal sexual conduct in the first degree, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). On appeal defendant advances four reasons for reversal, only one of which warrants extended discussion.

Defendant's main contention is that the trial court erred by *sua sponte* instructing the jury as to the possible dispositions of defendant upon verdicts of "not guilty by reason of insanity" and "guilty but mentally ill". In support of his position he relies heavily upon *People v Samuelson,* 75 Mich App 228; 254 NW2d 849 (1977), wherein a panel of this Court held that by implication *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969), prohibits such an instruction. We disagree with *Samuelson* and hold otherwise.

In the instant case defendant did not object to the court's *sua sponte* instructions and hence we will not reverse unless necessary to prevent a manifest injustice. *People v Dixon,* 84 Mich App 675; 270 NW2d 488 (1978). Believing such an instruction to be proper, reversal is not mandated.

*Cole, supra,* did not involve a *sua sponte* instruction. It did, however, concern itself with a situation where both defense counsel and the jury requested a disposition instruction relative to "not guilty by reason of insanity". The court held that failure of the trial judge to so instruct when requested by the defense counsel or the jury constituted reversible error. This was all they were required to decide. We do not believe that by such

holding a *sua sponte* instruction was by implication prohibited.

Before reaching the foregoing conclusion the Supreme Court, in *Cole,* discussed at great length cases pro and con regarding the possible effects of instructing a jury as to the disposition of a defendant upon a finding of "not guilty by reason of insanity". Before arriving at their holding the Court adopted the view set forth in *Lyles v United States,* 103 US App DC 22; 254 F2d 725 (1957), as being the better reasoned authority. In *Lyles, supra,* 25, the Court stated:

"This point arises under the doctrine, well established and sound, that the jury has no concern with the consequences of a verdict, either in the sentence, if any, or the nature or extent of it, or in probation. But we think that doctrine does not apply in the problem before us. The issue of insanity having been fairly raised, the jury may return one of three verdicts, guilty, not guilty, or not guilty by reason of insanity. Jurors, in common with people in general, are aware of the meanings of verdicts of guilty and not guilty. It is common knowledge that a verdict of not guilty means that the prisoner goes free and that a verdict of guilty means that he is subject to such punishment as the court may impose. But a verdict of not guilty by reason of insanity has no such commonly understood meaning. As a matter of fact its meaning was not made clear in this jurisdiction until Congress enacted the statute of August 9, 1955 [69 Stat 710, DC Code § 24-301 (1951) (Supp 5)]. It means neither freedom nor punishment. It means the accused will be confined in a hospital for the mentally ill until the superintendent of such hospital certifies, and the court is satisfied, that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others. We think the jury has a right to know the meaning of this possible verdict as accurately as it knows by common knowledge the meaning of the other two possible verdicts."

The Court continued in *Lyles,* pages 25 and 26:

> "Sometimes a defendant may not want such an instruction given. If that appears affirmatively on the record we would not regard failure to give it as grounds for reversal. Otherwise, whenever hereafter the defense of insanity is fairly raised, the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity in accordance with the view expressed in this opinion."

When the Court in *Cole* found the better reasoned authority to be set forth in *Lyles,* we believe it adopted *Lyles* in full and not part. If *Lyles* is followed in full, and we follow it, then the giving of a disposition instruction relative to "not guilty by reason of insanity" is clearly authorized, if not mandated, absent objection by the defense counsel. Additionally, the reasons advanced in *Lyles* as to why a disposition instruction should be given as to "not guilty by reason of insanity" applies equally to the giving of a disposition instruction concerning "guilty but mentally ill" since the jury is equally unknowledgeable as to the consequences of such a verdict.

Nor do we feel that the change in the law relative to the possible disposition of one found "not guilty by reason of insanity"[1] requires a different result. While the *Lyles* rule related to an automatic commitment statute similar to Michigan's when *Cole* was decided, the District of Columbia code was amended in 1970 to require a sanity hearing within 50 days. This is similar to

---

[1] Michigan's old law was an automatic commitment statute. MCL 767.27b; MSA 28.966(12). The pertinent provisions of the new mental health code, MCL 330.2050; MSA 14.800(1050), which repealed the foregoing, established a 60-day commitment period followed by a sanity hearing after which the defendant may either be committed or discharged. Such is similar to the law in the District of Columbia at the time of *Lyles* and prior to *Brawner,* which modified *Lyles.*

the new Michigan mental health code in effect at the time of trial in the case at bar. In *United States v Brawner*, 153 US App DC 1, 28-30; 474 F2d 969 (1972), the Court reconsidered the *Lyles* change and held that the instruction should be revised to conform with the statute as amended. The instructions in the instant case conformed with Michigan's new law. On the basis of *Lyles, Brawner* and *Cole* we find no reversible error in the *sua sponte* instructions of the trial court relative to possible dispositions of the defendant if he were found "not guilty by reason of insanity" or "guilty but mentally ill".

Defendant also contends that the provisions of MCL 768.36(3), 768.36(4); MSA 28.1059(3), 28.1059(4) cannot be carried out and are therefore rendered invalid. Basically defendant contends that in cases where the Department of Corrections is unable to provide the required psychiatric care the conviction is rendered invalid and must be reversed. We disagree. This issue is addressed in *People v Sorna*, 88 Mich App 351; 276 NW2d 892 (1979), where the Court held that when the Department of Corrections is failing to meet a statutory obligation the appropriate remedy is a complaint for writ of mandamus to the Department of Corrections to enforce the duty under the statute and not a reversal of defendant's conviction.

Defendant further contends that the trial court committed error by failing to instruct on the lesser-included offenses of criminal sexual conduct in the second and fourth degrees. A review of the record and the court file fails to disclose any request by defense counsel to so instruct. Absent a request to instruct on lesser included offenses the trial court is under no obligation to do so. *People v Henry*, 395 Mich 367; 236 NW2d 489 (1975). The

trial court did not, therefore, commit reversible error by failing to so instruct.

Finally defendant contends that the prosecutor made certain comments concerning his personal belief regarding the guilt of the defendant and the credibility of a witness. None of the statements made by the prosecutor were ever objected to at trial and hence are barred from appellate review unless the prejudicial effect was so great that it could not have been cured by a timely objection or cautionary instruction. *People v Hernandez,* 80 Mich App 465; 264 NW2d 343 (1978). Having reviewed the remarks of the prosecutor we are unable to find where the prejudice lies. Nor do we find any request that a cautionary instruction be given. Hence there was no reversible error and error, even if it exists at all, would appear to be harmless.

Affirmed.