## PEOPLE v GOAD

Docket No. 50591. Submitted June 11, 1981, at Lansing.—Decided September 22, 1981.

Eddy R. Goad was convicted of two counts of first-degree criminal sexual conduct in Shiawassee Circuit Court, Peter J. Marutiak, J. The defendant presented the defense of insanity. In his instructions to the jury the trial judge, over defendant's objection, gave the instruction contained in the criminal jury instructions regarding the disposition to be made of a defendant found not guilty by reason of insanity. The defendant appeals.
*Held:*

The trial judge had independent authority to give the instruction. No error requiring reversal resulted.

Affirmed.

CRIMINAL LAW — INSANITY — JURY INSTRUCTIONS.

A trial judge has independent authority to instruct the jury regarding the disposition to be made of a defendant who is found not guilty by reason of insanity in the form provided by the criminal jury instructions (CJI 7:8:08).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David E. McClernan,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Paul K. Hood,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

[1] 75 Am Jur 2d, Trial § 738 *et seq.*

Instructions to jury in criminal case in which defendant pleads insanity as to his hospital confinement in the event of acquittal. 11 ALR3d 737.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Following his sentence of life imprisonment, defendant appeals by right from his jury conviction of two counts of first-degree criminal sexual conduct, contrary to MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). The defense presented at the trial of this cause was that of insanity. In its instructions to the jury, the trial court, over defense counsel's objection, gave the dispositional instruction contained in CJI 7:8:08 which explains the disposition to be made of a defendant found not guilty by reason of insanity. It is this instruction which forms the basis for the first issue raised on appeal.

While there has been some support for defendant's position that the holding in *People v Cole*, 382 Mich 695; 172 NW2d 354 (1969), should no longer be followed,[1] the *Cole* rationale remains the rule in Michigan and has been followed in *People v Tenbrink*, 93 Mich App 326; 287 NW2d 223 (1979), *lv den* 408 Mich 945 (1980), *People v Thomas*, 96 Mich App 210; 292 NW2d 523 (1980), and *People v Rone (On Remand)*, 101 Mich App 811; 300 NW2d 705 (1980). Although none of these cases has specifically held that the court may so instruct the jury over an objection by defense counsel, it is implicit in a fair reading of those decisions that a trial judge has independent authority in that regard. Accordingly, we find no error requiring reversal in the trial court's instruction in this regard.

As to the remaining three issues raised on appeal, we find no reversible error.

Defendant's convictions are affirmed.

---

[1] See *People v Szczytko*, 390 Mich 278; 212 NW2d 211 (1973), committee comment to CJI 7:8:08, and *People v Rone (On Remand)*, 101 Mich App 811, 828; 300 NW2d 705 (1980).