PEOPLE *v.* MYERS

1. Robbery—Armed Robbery—Evidence.

Reference to instrument used in armed robbery as a knife did not cause error where the complaining witness testified that he did not exactly know whether the instrument used was a knife or not but that the instrument placed at his throat during the robbery had a blade and was sharp; the testimony was properly admitted as it is unnecessary to specially identify the kind of weapon used, nor is actual proof that the assailant was armed always necessary (MCLA § 750.529).

2. Criminal Law—Fair Trial—Publicity.

Defendant's contention that he was denied a fair trial because of extensive publicity is without merit where he fails to show that the jury was influenced by the publicity.

3. Criminal Law—Inconsistent Testimony—Jury Question.

Inconsistencies in testimony as to identification of the defendant in a criminal trial is an issue of credibility for the jury.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 March 4, 1969, at Grand Rapids. (Docket No. 3,951.)   Decided March 27, 1969.

Louis Myers was convicted of armed robbery. Defendant appeals.   Affirmed.

---

References for Points in Headnotes

[1]  46 Am Jur, Robbery §§ 44, 51, 55.
[2]  21 Am Jur 2d, Criminal Law § 236.
    Pretrial publicity in criminal case as affecting defendant's right to fair trial—federal cases.  10 L Ed 2d 1243.
[3]  58 Am Jur, Witnesses § 862; 30 Am Jur 2d, Evidence § 1082.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* and *Tat Parish,* Assistant Prosecuting Attorneys, for the people.

*Thomas W. McCoy,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was tried before a jury on a charge of robbery armed, MCLA § 750.529 (Stat Ann 1968 Cum Supp § 28.797) and was convicted January 31, 1967. Following denial of his motion for new trial, he was sentenced and he appeals.

Defendant was charged with robbery armed with a dangerous weapon, to-wit: a knife. Without exactly knowing it was a knife, complainant referred to the instrument as a knife because it was sharp and he felt the pressure of the blade at his throat. Defendant objected to testimony pertaining to a knife and asked that it be stricken. This was denied and defendant claims error.

We find no merit in this claim. The proofs established that the person who robbed was possessed of an instrument with a sharp blade which was held at complainant's throat. Specific identification of the instrument as a knife was unnecessary. Actual proof of the assailant being armed is not always necessary. *People* v. *Jury* (1966), 3 Mich App 427.

Defendant contends he was denied a fair trial because of extensive publicity. He has demonstrated publicity but not of the type involved in *Sheppard* v. *Maxwell* (1966), 384 US 333 (86 S Ct 1507, 16 L Ed 2d 600). The latter was his burden.

*People* 'v. *Jenkins* (1968), 10 Mich App 257. He has not shown that the publicity influenced the jury. We find no error.

Inconsistencies in the testimony as to identification of defendant raised no more than an issue of credibility for jury determination.

We find nothing in this record requiring reversal.

Affirmed.