## PEOPLE v. WINSTANLEY

1. APPEAL AND ERROR—NEW TRIAL—DISCRETION.

A motion for a new trial is addressed to the trial court's discretion, and to establish error, a clear abuse of discretion must be shown.

2. CRIMINAL LAW—NEWLY-DISCOVERED EVIDENCE—NEW TRIAL—WITNESSES—IMPEACHMENT—DISCRETION.

Newly-discovered evidence which relates to impeachment of the complaining witness in a criminal prosecution and does not relate to any major issue in the case will not support a finding that the trial court abused its discretion in denying a motion for a new trial.

Appeal from Eaton, Richard E. Robinson, J. Submitted Division 3 December 2, 1969, at Grand Rapids. (Docket No. 6,134.) Decided December 8, 1969. Application for leave to appeal filed May 12, 1970.

Homar Winstanley was convicted of false pretenses with intent to defraud. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Donald E. Zimmer*, Prosecuting Attorney, for the people.

*George W. Watson*, for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial § 202.
[2] 39 Am Jur, New Trial § 167 *et seq.*

PER CURIAM.   Defendant's jury trial on a charge of false pretenses with intent to defraud* resulted in his conviction for that offense.   His motion for new trial was denied, and he appeals from the denial of that motion.

A motion for new trial is addressed to the discretion of the trial court, and to establish error in the denial of such a motion, clear abuse of discretion must be shown.   *People* v. *Dailey* (1967), 6 Mich App 99.

A review of the record discloses evidence which, if believed by the jury, established each element of the crime with which defendant was charged.   This evidence is sufficient to support a finding of guilt beyond a reasonable doubt, and the trial court did not abuse its discretion in denying the motion for new trial on the basis the verdict was contrary to law and against the great weight of the evidence, as defendant contends.   *People* v. *Owens* (1966), 3 Mich App 707.

Defendant's claim that it was reversible error to admit people's exhibit 7 is not sustained by the record.   The probability of the connection of exhibit 7 with the transactions giving rise to the criminal charge against defendant was sufficiently established to justify its admission in evidence.

The alleged newly-discovered evidence which defendant contends should warrant a new trial relates to the impeachment of the complaining witness; it does not relate to any major issue in the case.   It will not support a finding by this Court that the trial court clearly abused its discretion in denying the motion for new trial.

Affirmed.

---

\* MCLA § 750.218 (Stat Ann 1962 Rev § 28.415).