PEOPLE v. HIPSHIRE

1. ROBBERY—UNARMED ROBBERY—EVIDENCE—SUFFICIENCY.
   Evidence was sufficient to support a verdict that the defendant
   was guilty of unarmed robbery where the complainant testi-
   fied that the defendant took the keys from the complainant's
   car, that, in an ensuing struggle for the keys, the defendant
   got the complainant on the ground and the complainant could
   not get up until defendant let him, that defendant took the
   complainant's money and watch, that the complainant was too
   scared to struggle, and that the defendant repeatedly
   threatened to kill him.

2. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION FOR
   REVIEW.
   An objection to the admission of testimony will not be heard
   for the first time on appeal unless there was an obvious mis-
   carriage of justice.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 June 18, 1970, at Lansing.
(Docket No. 7,940.)   Decided August 3, 1970.

Jack Owen Hipshire was convicted of robbery un-
armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James J. Rostash,*
Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery § 41 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545.

Before: Fitzgerald, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. The defendant was convicted by a jury of unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). He was sentenced to a term of 12 to 15 years in prison. A motion for a new trial was denied and this appeal followed.

The defendant contends that there was insufficient evidence to prove that the crime of unarmed robbery was committed and that the defendant was guilty beyond a reasonable doubt.

We do not agree. The complaining witness testified that the defendant took the keys out of the complainant's car, that in an ensuing struggle between them for possession of the keys the defendant got the complainant down on the ground and the complainant couldn't get up until the defendant let him, that later while in the car the defendant took the complainant's money from his wallet and the watch off his wrist and that the complainant didn't struggle at that time because he was scared, and that the defendant repeatedly said he would kill the complainant. Determination of factual questions is a function of the jury. *People* v. *Mosden* (1969), 381 Mich 506. Clearly, there was testimony which if believed by the jury, as it apparently was, justified a holding that the defendant was guilty beyond a reasonable doubt of the crime of unarmed robbery.

The defendant also argues that there was error in the admission of certain testimony. No objection was made at the time and so this question has not been saved for review absent an obvious miscarriage of justice. There is none. *People* v. *Shipp* (1970), 21 Mich App 415.

A motion for a new trial is addressed to the discretion of the trial court. *People* v. *Winstanley*

(1969), 20 Mich App 528.  There was no abuse of discretion in the trial court's denial of the defendant's motion for a new trial.

Affirmed.