PEOPLE v. HUGHES

WITNESSES—IDENTIFICATION—CREDIBILITY.
  A witness's identification of a defendant raises an issue of cred-
  ibility.

Appeal from Wayne, Richard M. Maher, J.  Sub-
mitted Division 1 July 7, 1970, at Detroit.  (Docket
No. 8,111.)  Decided August 28, 1970.

Melvin Hughes was convicted of armed robbery.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Patricia J. Per-
nick,* Assistant Prosecuting Attorney, for the people.

*John B. Carlin, Jr.,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and O'HARA,* JJ.

PER CURIAM.  Defendant appeals as of right from
a jury conviction of armed robbery contrary to

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCE FOR POINTS IN HEADNOTE
2: Am Jur 2d, Evidence §§ 371–373.

MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-
.797). He contends that the trial court committed
reversible error by failing to charge the jury on the
lesser included offense of robbery unarmed and by
failing to charge with respect to the credibility of
complainant's identification of him. Defendant also
contends that the evidence was not sufficient to con-
vict beyond a reasonable doubt.

The people have filed a motion to affirm. GCR
1963, 817.5(3).

An instruction on the lesser included offense was
not required because there was no evidence to sup-
port a conviction of robbery unarmed. See *People*
v. *Martin #1* (1970), 21 Mich App 207, and cases
cited there. A witness's identification of a defend-
ant raises an issue of credibility. *People* v. *Myers*
(1969), 16 Mich App 618; *People* v. *Caldwell* (1969),
20 Mich App 224. The trial court adequately in-
structed the jury on that issue. Finally, the tran-
script shows sufficient evidence to convict beyond
a reasonable doubt.

It is manifest that the questions sought to be
reviewed and on which the decision of the cause de-
pends are so unsubstantial as to need no argument
or formal submission. Motion to affirm is granted.