PEOPLE v BOYNTON

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—ALIBI—QUESTION FOR JURY.

   Claims of mistaken identification by a witness and alibi are matters which deal with the credibility of witnesses and generally are questions to be decided by the jury.

2. CRIMINAL LAW—JURY VERDICT—APPEAL AND ERROR.

   The test used by the Court of Appeals in reviewing a jury verdict in a criminal case is whether or not there was sufficient evidence upon which, if believed by the jury, the defendant could be found guilty beyond a reasonable doubt.

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

   A new trial will be granted for newly discovered evidence only if there is a showing that (1) the evidence is newly discovered, (2) the evidence is not merely cumulative, (3) the evidence is such as to render a different result probable on retrial, and (4) the defendant could not with reasonable diligence have produced it at trial.

4. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

   The trial court properly denied a defendant's motion for new trial because of newly discovered evidence where the newly discovered evidence did not relate to the defendant's guilt but only served to impeach an identification witness's credibility because such evidence is not sufficient to make a different result probable on retrial.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 March 9, 1973, at Lansing. (Docket No. 11429.) Decided April 26, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 862, 863.
[2] 5 Am Jur 2d, Appeal and Error § 838.
[3, 4] 5 Am Jur 2d, Appeal and Error §§ 851, 986.

Conrad Boynton was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Assistant Prosecuting Attorney, for the people.

*James G. Orford,* for defendant.

Before: DANHOF, P. J., and HOLBROOK and BASH-ARA, JJ.

PER CURIAM. Defendant was convicted of uttering and publishing and sentenced to from 4 to 14 years imprisonment.

Defendant first contends that the evidence adduced at trial was not sufficient to support a finding of guilty beyond a reasonable doubt. Defendant argues that the identification by the bartender who cashed the check should not have been believed and that, in light of the testimony by his alibi witnesses, the evidence was insufficient. Claims of mistaken identification by a witness and alibi are matters which deal with the credibility of witnesses and generally are questions to be decided by the jury. *People v Caldwell,* 20 Mich App 224 (1969); *People v Hughes,* 26 Mich App 355 (1970).

Furthermore the test used by this Court in reviewing a jury verdict in a criminal case is whether or not there was sufficient evidence upon which, if believed by the jury, the defendant could be found guilty beyond a reasonable doubt. *People v Floyd,* 15 Mich App 284 (1968); *People v Stewart,* 36 Mich App 93 (1971). A review of the testimony in the instant case reveals ample evidence, if believed, to support a verdict of guilty.

Defendant further contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence.

A new trial will be granted for newly discovered evidence only if there is a showing: (a) that the evidence is newly discovered; (b) that the evidence is not merely cumulative; (c) that the evidence is such as to render a different result probable on retrial; and (d) that the defendant could not with reasonable diligence have produced it at trial. *People v Cummings* 42 Mich App 108, 110 (1972); *People v Kennedy,* 22 Mich App 524, 528 (1970).

The newly discovered evidence in the instant case does not relate to defendant's guilt as was the case in *People v McAllister,* 16 Mich App 217 (1969). The newly discovered evidence would, at best, serve only to impeach the bartender's credibility, which we have generally held is not sufficient to make a different result probable on retrial. *People v Kennedy,* supra; *People v Winstanley,* 20 Mich App 528 (1969). We feel this rule is applicable to the case at bar and do not believe that a different result would occur on retrial.

Affirmed.