PEOPLE v McKINNEY

Docket No. 78-1552. Submitted October 10, 1978, at Lansing.—Decided February 21, 1979.

Patrick W. McKinney was charged with two counts of involuntary manslaughter following an accident wherein his car collided with the rear of another car killing two of its occupants. After being bound over for a preliminary examination he filed a motion to suppress the results of a blood alcohol test performed the night of the accident. Motion denied, Oakland Circuit Court, William J. Beer, J. Defendant appeals by leave granted. On appeal, defendant contends that his consent to the blood test was obtained pursuant to Michigan's implied consent statute and for this reason the results of the test would be inadmissible in a trial for manslaughter. The prosecution argues that the blood test was not administered pursuant to the implied consent statute and that its results are therefore admissible. *Held:*

The results of blood tests are admissible in prosecutions for impaired or intoxicated driving under the implied consent statute. The results of blood tests are not admissible in prosecutions for manslaughter unless express disclaimers of reliance on the implied consent statute are made to both the driver and the doctor administering the test. The results of defendant's blood test in this prosecution for manslaughter should have been suppressed since there was no evidence that he was apprised that the blood test was not being administered pursuant to the implied consent statute.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332, 333.

29 Am Jur 2d, Evidence §§ 295, 830.

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 155, 158.

[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 115.

Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.

[4] 5 Am Jur 2d, Appeal and Error §§ 601, 602, 881.

[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 338.

30 Am Jur 2d, Evidence § 1104.

1. AUTOMOBILES — INTOXICATING LIQUORS — EVIDENCE — BLOOD
   ALCOHOL TESTS — IMPLIED CONSENT — STATUTES.

   A person who operates a motor vehicle on the highways of this
   state is deemed to have consented to tests of his blood if he is
   arrested for driving a vehicle under the influence of intoxicat-
   ing liquor or while his ability to so operate a vehicle has been
   impaired due to consumption of intoxicating liquor and the
   results of such blood tests are admissible into evidence (MCL
   257.625a[1], 257.625c; MSA 9.2325[1][1], 9.2325[3]).

2. PHYSICIANS AND SURGEONS — BLOOD ALCOHOL TESTS — IMPLIED
   CONSENT — IMMUNITY FROM LIABILITY — NEGLIGENCE — STAT-
   UTES.

   A physician performing blood tests under the implied consent
   statute is granted immunity from civil liability where the test
   is not performed in a negligent manner (MCL 257.625a[2]; MSA
   9.2325[1][2]).

3. AUTOMOBILES — BLOOD ALCOHOL TESTS — IMPLIED CONSENT —
   DRIVER'S LICENSE — SUSPENSION OR REVOCATION — STATUTES.

   A person may refuse to submit to a blood test under the implied
   consent statute, but if he does, he must be advised that his
   refusal to submit to the blood test will result in the suspension
   or revocation of his driver's license (MCL 257.625a[4]; MSA
   9.2325[1][4]).

4. APPEAL AND ERROR — EVIDENCE — ADMISSIBILITY OF EVIDENCE —
   TRIAL COURT — CLEARLY ERRONEOUS.

   Decisions of a trial court regarding the admissibility of evidence
   will not be disturbed on appeal unless those decisions are
   clearly erroneous.

5. EVIDENCE — BLOOD ALCOHOL TESTS — IMPLIED CONSENT — DIS-
   CLAIMER — ADMISSIBILITY.

   The results of blood tests administered pursuant to the implied
   consent statute are admissible into evidence in prosecutions for
   impaired or intoxicated driving; however, blood test results are
   inadmissible in other actions, such as a prosecution for man-
   slaughter, unless express disclaimers of reliance on the implied
   consent statute are made to both a driver and the doctor
   administering the test.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams* Chief

Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*James P. Lawson, P.C.* (by *David M. Lawson),* for defendant.

Before: DANHOF, C.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Defendant was charged with two counts of involuntary manslaughter, MCL 750.321; MSA 28.553, following an automobile accident in which he was involved. He was bound over after a preliminary examination held on July 29, August 1 and August 22, 1977. Subsequently, he filed a motion to suppress the results of a blood alcohol test performed the night of the accident. The motion was based upon the court file and preliminary examination transcript and no separate hearing was held thereon. The motion was denied on April 14, 1978. Leave to appeal was granted by this Court on May 22, 1978.

At 7:45 p.m. on June 9, 1977, defendant, age 17, was driving in a westerly direction on Eight Mile Road in the City of Southfield. His speed was far in excess of the 40 m.p.h. speed limit. Defendant's car struck the rear of a Cadillac, causing the Cadillac to roll over and catch fire. The two occupants of the Cadillac were killed in the accident.

Shortly thereafter, Sergeant Norman Buskin of the Southfield Police arrived at the scene of the accident. He observed beer bottles all over the inside of defendant's car. He also noted that defendant's breath smelled of alcohol, his speech was incoherent and his eyes watery and bloodshot. He had no doubt that defendant was intoxicated. Since defendant was injured as a result of the accident, he was taken to Providence Hospital.

At 9:30 p.m. Officer Buskin arrived at the hospital for the purpose of obtaining a blood sample from defendant. Defendant was very upset at the time and was crying. Officer Buskin asked defendant to sign a form consenting to the blood test. He told defendant he had a right to refuse, that the results of the test could be used against him and that he had a right to secure legal counsel before submitting to any test. At first, defendant refused to consent to the blood test. Defendant asked what would happen if he refused and Officer Buskin replied that he would arrest defendant for manslaughter and withdraw the blood as evidence. After talking with his father, defendant signed the consent form.

The blood was drawn at about 10 p.m. by Dr. Martin Katz. Prior to this, Dr. Katz had been told that defendant had been involved in a serious accident and that there was a question as to whether he had been drinking. He was also told the blood sample was being taken in connection with a felony investigation. At trial Dr. Katz testified that defendant had definitely been drinking prior to being brought to the hospital.

Appellant first contends that defendant's consent to the blood test was obtained pursuant to Michigan's implied consent statute and that the results thereof are inadmissible in the present manslaughter conviction. The prosecution argues that the blood test was not administered pursuant to the implied consent statute and that its results are therefore admissible.

MCL 257.625c; MSA 9.2325(3) provides that a person who operates a motor vehicle on the highways of this state is deemed to have consented to tests of his blood if he is arrested for driving a vehicle under the influence of intoxicating liquor

(DUIL) or while his ability to so operate a vehicle has been impaired due to the consumption of intoxicating liquor (DI). MCL 257.625a(1); MSA 9.2325(1)(1) provides that the results of such blood tests are admissible into evidnece. Subsection (2) of that same statute grants the physician performing such tests immunity from civil liability as long as the test is not performed in a negligent manner. MCL 257.625d; MSA 9.2325(4) permits a person to refuse to submit to such a test. However, subsection (4) of MCL 257.625a; MSA 9.2325(1) states that one so refusing must be advised that the refusal to submit to a blood test shall result in the suspension or revocation of their driver's license.

This statutory scheme has been the subject of considerable case law in recent years. In *People v Keen,* 396 Mich 573; 242 NW2d 405 (1976), the Court held that the results of a blood test administered pursuant to these statutes are admissible only in a DUIL or DI prosecution. Subsequently in *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976), the Court held that a blood test administered pursuant to the "implied consent" scheme could not be used in a civil proceeding. However, the Court included the following proviso:

"We do not preclude a showing at trial that the officer in requesting that the hospital personnel administer a test made known to them that he was not making the request pursuant to the statute so that they would be aware that if they administered the test they could not claim the statutory protection from civil and criminal liability. Upon such a showing the question whether the statute occupies the field and supersedes the asserted common-law right would be properly presented and require resolution; absent such a showing, we intimate no opinion on the question." *McNitt, supra,* at 391-392.

In *People v Weaver,* 74 Mich App 53; 253 NW2d 359 (1977), the Court was faced with the same question as is involved in the present case. They were asked to determine the nature of a consent given for a blood test in a negligent homicide case. The Court held that the consent there was given pursuant to the statute and that the test results were thus inadmissible. In so concluding, the Court relied upon the fact that the hospital personnel were never told the request for the test was made other than pursuant to the statute. Furthermore, the consent form used by the police in that case was designed for use under the implied consent statute. The Court also gave weight to the defendant's assumption that a refusal to submit to the test would result in his losing his license, the very sanction set forth in the statute. The Court concluded its analysis by stating:

"As the Supreme Court in *McNitt* held that a blood alcohol test is obtained pursuant to the statutory authority absent express disclaimer to the hospital personnel asked to administer that test, so do we hold that consent to a blood alcohol test obtained from a conscious driver will be considered to have been obtained under color of the statutory authority absent express disclaimer to the driver of reliance on the statute and upon statutory penalties, and advice that the statutory limits on the use to which such test results may be put is inapplicable." *Weaver, supra,* at 63.

Thus, when read together, *McNitt, supra* and *Weaver, supra* hold that a consent to a blood test will be deemed made pursuant to the implied consent statute unless express disclaimers of reliance thereon are made to both the defendant and the doctor administering the test. In reviewing questions regarding the admissibility of evidence, the decision of the trial court is not to be disturbed

unless clearly erroneous. *People v McKinney,* 65 Mich App 131, 141; 237 NW2d 215 (1975).

In the present case, the trial judge's ruling denying the motion to suppress implicitly held that the blood test was not administered pursuant to the statute. Such a finding is not supported by the record. There is no evidence that defendant was apprised that the blood test was not being administered pursuant to the statute, as required by *Weaver, supra.* Under these circumstances we must conlude that the consent was obtained pursuant to the statute. Therefore, the results of the blood test in this manslaughter prosecution should have been suppressed. *People v Keen, supra.*

We come to this conclusion as a result of the Supreme Court's pronouncements in this area, not because we necessarily favor such a result. However, the prosecution is still free to prove its case through the testimony of other witnesses.[1]

Reversed and remanded.

[1] Since our resolution of this issue requires suppression of the blood test evidence, we need not address defendant's other arguments in support of the same conclusion.