PEOPLE v ROJEM

Docket No. 47707. Submitted June 17, 1980, at Detroit.—Decided August 13, 1980.

Richard N. Rojem, Jr., was convicted of three counts of criminal sexual conduct in the first degree in Macomb Circuit Court, Kenneth N. Sanborn, J. Defendant appeals. *Held:*

1. A conflict between identification testimony and alibi testimony does not render a finding of guilty improper. The conflicting alibi testimony did not make the identification testimony legally insufficient to support the conviction, rather such conflict raised a question of the relative weight to be accorded the conflicting accounts. It was for the jury to determine where the truth lay on the basis of the jury's determination of the credibility of the witnesses. The Court of Appeals will not substitute its judgment for that of the jury where there was sufficient evidence upon which the jury could rationally find guilt beyond a reasonable doubt.

2. The defendant was not denied his constitutional right to confrontation by the trial court having limited, pursuant to statutory mandate, the extent to which he could undertake to make inquiries of the complaining witness relative to her history of prior sexual contacts. The state's interest in protecting the victim of criminal sexual conduct from irrelevant and immaterial cross-examination outweighs the right of the defendant to make inquiries concerning the victim's prior sexual conduct.

3. The question of the propriety of the trial court's admission into evidence of the semen-stained clothing of the complaining

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 834.
    30 Am Jur 2d, Evidence § 1124.
[2, 7] 65 Am Jur 2d, Rape § 82.
    Modern status of admissibility, in forcible rape prosecutions, of complainant's prior sexual acts. 94 ALR3d 257.
[3, 4] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
[5] 29 Am Jur 2d, Evidence § 288.
[6] 5 Am Jur 2d, Appeal and Error §§ 624-627.

witness was not preserved for appellate review, since defense counsel failed to object below to the admission of that evidence. The admission into evidence of the defendant's semen-stained clothing did not result in reversible error, since such evidence illuminates the previous expert testimony that had been admitted without objection. It cannot be said that such evidence was so irrelevant or prejudicial as to be able to conclude that the trial court clearly erred in admitting the same.

4. Despite the fact that the complaining witness was not able to positively identify the knife sought to be introduced into evidence as the knife used in the sexual assault, that knife was nevertheless properly admitted into evidence. The inability to positively identify the proffered exhibit as being the knife used in the crime goes only to the weight to be accorded such evidence, not to its admissibility.

5. Since any prejudicial effect caused by the prosecution's closing arguments could have been cured by a timely cautionary instruction by the trial court, the failure to object below to the prosecution's statements precluded appellate review.

Affirmed.

N. J. KAUFMAN, P.J., concurred in the result reached by the Court. He would hold that the defendant's right to confrontation was not violated in the present case, not because the reason for the statutory limitations on the extent of cross-examination justify the impingement upon the defendant's right to confrontation, but rather, because the limitations set by the trial court in the instant case did not, in fact, operate to limit the extent of the cross-examination of the complaining witness desired by the defendant.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — WITNESSES — ALIBI — SUFFICIENCY OF EVIDENCE — JURY QUESTIONS — APPEAL.

A conflict between identification testimony and alibi testimony does not render a finding of guilty improper on the basis of insufficient evidence of a defendant's guilt, since the question of the relative weight to be accorded the conflicting accounts is a question to be resolved by the jury on the basis of the credibility of the witnesses; the Court of Appeals will not substitute its judgment for that of the jury where there is sufficient evidence upon which the jury could rationally find guilt beyond a reasonable doubt.

2. CONSTITUTIONAL LAW — CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — RIGHT OF CONFRONTATION — PRIOR SEXUAL CONDUCT OF VICTIM — RELEVANCY — STATUTES.

A defendant in a criminal sexual conduct trial is not denied his

constitutional right to confrontation where the trial court limits the examination of the complaining witness relative to her prior sexual activities to an inquiry as to origin of seminal stains as permitted by statute; the state's interest in protecting the victim of criminal sexual conduct from irrelevant and immaterial cross-examination outweighs the right of a defendant to make inquiries as to the victim's prior sexual conduct (MCL 750.520j; MSA 28.788[10]).

3. APPEAL — EVIDENCE — ADMISSIBILITY OF EVIDENCE — OBJECTION — RULES OF EVIDENCE.

   The question of the admissibility of semen-stained clothing of a complaining witness in a criminal sexual conduct trial is not preserved for appellate review where there was no objection at trial claiming that the admission of such evidence would be inordinately prejudicial (MRE 103[a][1]).

4. APPEAL — EVIDENCE — ADMISSIBILITY OF EVIDENCE — TRIAL COURT — CLEARLY ERRONEOUS.

   The admission into evidence of the semen-stained clothing of a defendant in a criminal sexual conduct trial will not mandate reversal where the admission of such evidence illuminates previous expert testimony which was admitted without objection and it cannot be said that such evidence was so irrelevant or prejudical that the trial court clearly erred in admitting it.

5. CRIMINAL LAW — EVIDENCE — WEAPONS — IDENTIFICATION WITH CRIME — ADMISSIBILITY OF EVIDENCE.

   The inability of a victim of criminal sexual conduct to positively identify a knife as being the knife used in the sexual assault made upon her does not preclude the admission of the knife into evidence; such uncertainty goes to the weight rather than the admissibility of such evidence.

6. CRIMINAL LAW — PROSECUTOR'S REMARKS — PREJUDICE — OBJECTION — CURATIVE INSTRUCTION.

   The failure to object at trial to a prosecution's closing statement precludes appellate review where the prejudicial effect of such prosecutorial arguments is not so great that the prejudice could not have been cured by a timely cautionary instruction.

CONCURRENCE BY N. J. KAUFMAN, P.J.

7. CONSTITUTIONAL LAW — CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — RIGHT OF CONFRONTATION — PRIOR SEXUAL CONDUCT OF VICTIM — STATUTES.

   *A defendant in a criminal sexual conduct trial is not denied his*

*constitutional right to confrontation by the application of the
provision in the criminal sexual conduct act which limits the
extent of cross-examination of a victim relative to her prior
sexual contacts where, despite limitations imposed by the trial
court, the defendant was able to cross-examine the complaining
witness as fully as defendant wished (MCL 750.520j; MSA
28.788[10]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Don L. Milbourn,* Chief Ap-
pellate Lawyer, and *Alice F. Sage,* Assistant Prose-
cuting Attorney, for the people.

*Robert E. Novitke,* for defendant.

Before: N. J. Kaufman, P.J., and Cynar and
J. E. Townsend,* JJ.

Per Curiam. The defendant was convicted of
three counts of first-degree criminal sexual con-
duct, MCL 750.520b; MSA 28.788(2), and was sen-
tenced to three concurrent terms of from 6 to 15
years imprisonment. He appeals as of right from
the trial court's order denying his motion for a
new trial.

The defendant first claims that the trial court
erred in determining that there was sufficient
evidence set forth at trial to sustain the jury's
finding of guilty on all three counts. Specifically,
the defendant claims that there was insufficient
evidence set forth at trial for a rational trier of
fact to conclude that he sexually assaulted the
complainant, as five witnesses testified that they
were either with or saw defendant during the time
period in which the complainant alleged she was
sexually assaulted. However, the complainant de-
scribed her assailant to police within an hour of

* Circuit judge, sitting on the Court of Appeals by assignment.

being assaulted. Upon hearing the complainant's description, an acquaintance of the defendant was able to tell the authorities that the description matched the defendant's. The complainant immediately picked the defendant out of a photographic show-up, and a raffle ticket from the same sequence of tickets as was found in the defendant's pocket was found at the scene of the crime. In *People v Smalls,* 61 Mich App 53, 58; 232 NW2d 298 (1975), and in *People v Flippo,* 70 Mich App 652, 660; 247 NW2d 321 (1976), the defendants claimed error on similar grounds: that, because of their alibi defenses, there was insufficient evidence presented at trial to support the jury's verdicts of guilty. Quoting from *Smalls, supra,* this Court in *Flippo, supra,* 660 held as follows:

"In *People v Smalls,* 61 Mich App 53, 57; 232 NW2d 298 (1975), this Court clearly stated that a question of this kind is one for the jury:

" 'On appeal defendant first contends that the evidence produced at trial was insufficient to support a finding of guilty beyond a reasonable doubt. Defendant argues that the identification by the teller and the assistant manager of the bank should not have been believed and that, in light of the testimony of his alibi witness, the evidence was insufficient. Claims of mistaken identification by a witness and alibi are matters which deal with the credibility of witnesses and such questions are generally to be decided by the jury. *People v Boynton,* 46 Mich App 748; 208 NW2d 523 (1973); *People v Hughes,* 26 Mich App 355; 182 NW2d 631 (1970). After listening to the testimony and observing the demeanor of the witnesses, the jury chose to disbelieve defendant. We shall not substitute our judgment for theirs.' "

Similarly, we believe the issue in this case to be one of credibility which was properly left to the jury. Based upon the complainant's testimony and

the circumstantial evidence supporting such testimony, we find that there was sufficient evidence for a rational jury to conclude that defendant was guilty beyond a reasonable doubt. Therefore, the trial court did not abuse its discretion in denying the defendant's motion for a new trial on such grounds.

The defendant also claims his limited ability to cross-examine complainant as to her past sexual conduct denied him his constitutional right to confrontation. MCL 750.520j; MSA 28.788(10) allows a defendant charged with criminal sexual conduct to cross-examine a complainant about her prior sexual conduct in order to establish the source of semen so long as such cross-examination is material to a fact at issue. Inasmuch as a criminologist testified as to finding semen stains on the complainant's underwear, which could have been up to three months old, the trial court did not abuse its discretion in allowing defense counsel to question complainant only as to the last time she had had sexual intercourse within a three-month period. In *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977), and in *People v Khan,* 80 Mich App 605; 264 NW2d 360 (1978), this Court held that such a procedure does not deny a defendant his right of confrontation, as the state's interest in prosecuting sex crimes outweighs the importance of allowing irrelevant and immaterial cross-examination regarding a victim's prior sexual conduct. Such reasoning applies here. The limitation as to the questioning of complainant was proper.

The defendant's third claim of error is that the trial court erred in admitting the complainant's semen-stained clothing into evidence as exhibits. Since defense counsel failed to make a proper objection, claiming the introduction of such to be

inordinately prejudicial to his client, the issue has not been properly preserved for review. MRE 103(a)(1). Defense counsel did, however, object to the admission of defendant's semen-stained clothing and a kitchen knife found by police officers who were investigating the case as being more prejudicial than probative. Because the criminologist had already testified that she had found semen stains on defendant's clothing, the introduction of such an exhibit served only to illuminate her unobjected-to testimony. It cannot be said that the clothing was so irrelevant or prejudicial that the trial court clearly erred in allowing such to be admitted. *People v McKinney,* 88 Mich App 715; 278 NW2d 728 (1979).

The defendant claims the knife should not have been admitted as an exhibit because it had not been positively identified by the complainant and because the complainant had testified that she guessed that the defendant had laid the knife on the ground while forcing her to engage in fellatio, vaginal intercourse and anal intercourse. Complainant testified that defendant held a knife to her neck and chest to get her to the location of the alleged rape. She identified the knife as being similar to the one used by defendant. In *People v Stanley Mitchell,* 37 Mich App 351, 357; 194 NW2d 514 (1971), this Court, quoting from 22A CJS, Criminal Law, § 709, pp 949-951, stated:

" 'To justify their admission, a proper foundation must be laid, and such articles must be identified as the articles they are purported to be, and shown to be connected with the crime of with accused; however, such identification is not required to be positive, absolute, certain, or wholly unqualified, and where there is some evidence for this purpose, objections to its suffi-

ciency go to the weight rather than to the admissibility of the articles in question.' "

Similarly, the fact that defendant may have laid down the knife during the commission of the criminal sexual acts and the fact that the complainant did not positively identify the knife go to the weight of the evidence rather than its admissibility. *Khan, supra,* 609-610.

Defendant's final predication of error, that the prosecutor's closing statement unduly prejudiced defendant, was not properly preserved for appellate review as it was not objected to at trial. As defense counsel made no objection to the prosecutor's remark, appellate review is precluded unless the prejudicial effect was so great that it could not have been cured by a timely cautionary instruction. *People v Tenbrink,* 93 Mich App 326, 332; 287 NW2d 223 (1979), *People v Blassingame,* 59 Mich App 327, 335; 229 NW2d 438 (1975). We do not find that such degree of prejudice resulted from the prosecutor's statement in the instant case.

Affirmed.

N. J. KAUFMAN, P.J. *(concurring).* I concur separately as I was the author of the dissenting opinion in *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977). In this case, however, I feel the 6th Amendment rights of defendant were not violated. There was a lengthy cross-examination of complainant by defense attorney. The defendant was also allowed to recall complainant for further cross-examination. Because everything about which the defendant wished to cross-examine the complainant was permitted by the trial court, I concur in the result of this opinion.