PEOPLE v STEWART

Docket No. 48518. Submitted April 7, 1981, at Detroit.—Decided May 26, 1981.

Wallace Stewart was convicted of second-degree murder, Detroit Recorder's Court, Michael J. Connor, J. He appeals, alleging that the trial court erred in allowing a witness to testify relative to a photographic lineup identification of the defendant, in admitting defendant's post-arrest statement into evidence and in admitting certain physical evidence, that the trial court abused its discretion in permitting the prosecution to elicit certain evidence, that certain comments made by the prosecution were so prejudicial as to deny him a fair trial, and that the cumulative effect of all the errors served to deny him a fair trial. *Held:*

1. The trial court erred in allowing a witness to testify that he identified the defendant during a photographic lineup, but the error was harmless in view of the overwhelming proof of the defendant's guilt.

2. The trial court erred in admitting a post-arrest statement by the defendant into evidence because the statement was the fruit of an unlawful arrest, but the error was harmless in light of the overwhelming proof of the defendant's guilt.  .

3. The trial court properly admitted evidence of the defendant's semen-stained undershorts as the sexual aspect of the crime was part of its res gestae.

4. The trial court properly allowed the prosecution to elicit testimony relative to the defendant's claim that he was in need

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 806.
    29 Am Jur 2d, Evidence § 371.8.
    Admissibility of evidence of photographic identification as affected by allegedly suggestive identification procedures. 39 ALR3d 1000.
[2] 5 Am Jur 2d, Appeal and Error § 806.
    29 Am Jur 2d, Evidence § 546.
[3] 29 Am Jur 2d, Evidence §§ 251, 646.
[4] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[5] 29 Am Jur 2d, Evidence § 715.

of money the night before the homicide because it was not done to show that the defendant committed the crime for this reason.

5. Defendant's claim that the cumulative effect of the error in his trial served to deny him a fair trial lacks merit, any error having been found to have been harmless beyond a reasonable doubt.

Affirmed.

1. CRIMINAL LAW — WITNESSES — PHOTOGRAPHIC IDENTIFICATION — EVIDENCE.

The allowance of testimony by a trial court in a criminal case that a witness identified the defendant during a photographic lineup conducted while the defendant was in custody constitutes error, but such error is harmless where other evidence provides overwhelming proof of the defendant's guilt.

2. CRIMINAL LAW — POST-ARREST STATEMENTS — EVIDENCE — ILLEGAL ARRESTS.

The admission into evidence of a statement made by a criminal defendant after an unlawful arrest constitutes error, but such error is harmless where the statement is not a confession and other evidence provides overwhelming proof of the defendant's guilt.

3. CRIMINAL LAW — TRIAL — EVIDENCE — JUDICIAL DISCRETION.

A trial court in its discretion may allow a prosecutor to elicit testimony that a defendant claimed to be in need of money on the day before the homicide for which he is charged took place so long as the testimony is not elicited to show that the defendant committed the crime because he was in need of money.

4. CRIMINAL LAW — PRESERVING QUESTION.

Failure to object during trial to a prosecutor's closing argument precludes appellate review of that issue.

5. CRIMINAL LAW — EVIDENCE — RES GESTAE — JUDICIAL DISCRETION.

Evidence which is part of the res gestae of the crime for which a defendant is charged may be admitted into evidence by a trial court in its discretion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Robert C. Mueckenheim,* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree murder, MCL 750.317; MSA 28.549. Thereafter sentenced to a term of life imprisonment, he appeals as of right.

Defendant's first claim is that the trial court erred in allowing a witness to testify that he identified defendant from a photographic lineup conducted while defendant was in custody. While we conclude that the trial court did err in allowing such testimony into evidence, *People v Anderson,* 389 Mich 155, 186-187; 205 NW2d 461 (1973), we find such error to be harmless in view of the overwhelming proof of defendant's guilt. See *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

Defendant's second claim is that following a *Walker*[1] hearing, the trial court erred in admitting defendant's statement into evidence. Since said statement was the fruit of an unlawful arrest, we agree. *People v Emanuel,* 98 Mich App 163; 295 NW2d 875 (1980). However, because defendant's statement was not a confession, and in light of the overwhelming proof of defendant's guilt, we find the error to be harmless. *Robinson, supra.*

Defendant's third claim is that the trial court abused its discretion in allowing the prosecution to

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

elicit testimony that defendant claimed to be without money the night before the homicide. See *People v Johnson,* 393 Mich 488; 227 NW2d 523 (1975). Since the prosecution did not elicit the testimony to show that defendant committed the crime because he was in need of money, we find no abuse of discretion. *People v Henderson,* 408 Mich 56; 289 NW2d 376 (1980).

Defendant's fourth claim is that certain of the prosecution's comments during closing argument were so prejudicial to defendant that he was denied a fair trial. Since no objection to the comments was raised during trial, appellate review is precluded. *People v Rojem,* 99 Mich App 452; 297 NW2d 698 (1980).

Defendant's fifth claim is that the trial court erred in admitting defendant's semen-stained undershorts into evidence. Since the sexual aspect of the crime was part of its res gestae, we find no abuse of discretion. *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978).

Defendant's final contention that the cumulative effect of errors existing in the case served to deny him a fair trial lacks merit since we previously have found any error to be harmless beyond a reasonable doubt.

Affirmed.