PEOPLE v HAWLEY

Docket No. 47843. Submitted November 19, 1981, at Detroit.—Decided
February 2, 1982.

Peter J. Hawley was convicted of first-degree murder in Monroe
Circuit Court, James J. Kelley, J. The defendant appeals alleg-
ing that: (1) the trial court's instruction to the jury regarding
second-degree murder erroneously removed the factual issue of
malice aforethought from the jury's consideration and (2) the
trial court erred in admitting evidence of a prior similar act of
the defendant. *Held:*

1. Even though the jury instruction regarding malice afore-
thought was erroneous, the error was harmless. The defendant
did not object to this instruction and any error in the instruc-
tion requires reversal only if a miscarriage of justice occurred.

2. The Court of Appeals was not left with a firm conviction
that the trial court clearly erred in admitting the similar act
testimony. The evidence was both relevant and material be-
cause the defendant's identity was in issue. Furthermore, the
probative value of the testimony was not substantially out-
weighed by its prejudicial impact.

Affirmed.

1. APPEAL — JURY INSTRUCTIONS.

Errors in a trial court's jury charge are subject to appellate
review where the alleged errors were objected to by trial
counsel before the jury retired to deliberate or a miscarriage of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

[2] 40 Am Jur 2d, Homicide §§ 264, 438, 509.

[3, 7] 5 Am Jur 2d, Appeal and Error §§ 815, 817.

[4] 5 Am Jur 2d, Appeal and Error § 881.

[5-7] 29 Am Jur 2d, Evidence § 320 *et seq.*

Admissibility, at trial of criminal case, of evidence of defendant's
criminal acts other than those charged—Supreme Court cases. 93
L Ed 184.

Admissibility, under Rule 404[b] of Federal Rules of Evidence, of
evidence of other crimes, wrongs, or acts similar to offense
charged to show preparation or plan. 47 ALR Fed 781.

justice has resulted from the giving of the erroneous instruction.

2. HOMICIDE — MURDER — MALICE AFORETHOUGHT — JURY INSTRUCTIONS.

An instruction to the jury in a prosecution for murder that the law implies malice from an unprovoked, unjustified, inexcusable killing without mitigating circumstances is erroneous; malice may be inferred from the facts of a killing but this inference does not rise to the status of a legal presumption.

3. APPEAL — JURY INSTRUCTIONS.

An error in an instruction to a jury will not necessitate reversal of a defendant's conviction on appeal if it can be said that the erroneous instruction was harmless beyond a reasonable doubt.

4. APPEAL — EVIDENCE.

Decisions of a trial court regarding the admissibility of evidence will not be disturbed on appeal unless those decisions are clearly erroneous.

5. EVIDENCE — OTHER BAD ACTS — CHARACTER EVIDENCE — RULES OF EVIDENCE.

Evidence of other crimes, wrongs, or acts of a defendant is not admissible to prove the character of the defendant in order to show that he acted in conformity therewith; it may be admissible for other purposes if material in the case, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged (MRE 404[b]).

6. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — RULES OF EVIDENCE.

The language of the rule governing the admission of evidence of other bad acts of a defendant implies that the evidence may be admitted for purposes other than to prove the character of the defendant and the list of possible purposes for admission found in the rule is illustrative not exhaustive (MRE 404[b]).

7. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — JURY INSTRUCTIONS.

Failure to give a limiting instruction concerning the use of testimony of similar acts of a defendant in the final charge to the jury is not error requiring reversal where the limiting

instruction was given *sua sponte* by the court when the evidence was offered.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

*Lander C. McLoyd,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and V. J. BRENNAN and H. E. DEMING,* JJ.

V. J. BRENNAN, J. Defendant was charged with the fatal shooting of Kathleen Perry, who was allegedly shot by the defendant during a motorcycle club party. After a jury trial, defendant was found guilty of first-degree murder, MCL 750.316; MSA 28.548, and sentenced to life imprisonment. He appeals as of right.

Defendant contends that the trial court's instruction to the jury erroneously removed the factual issue of malice aforethought from the jury's consideration.

In its final charge, the trial court instructed the jury on the element of malice aforethought as follows:

"Fifth and last element of second-degree murder: that the killing was done with malice aforethought. More about malice—if one person, without cause inflicts a wrong upon another, we call him malicious, so when one person without legal provocation, justification, excuse or mitigating circumstances, intentionally kills another, we call them a murderer. *The law implies from an unprovoked, unjustifiable, inexcusable killing without mitigating circumstances, the existence of that*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*wicked disposition of mind which the law terms malice aforethought. Malice is implied from any deliberate or cruel act against another person however sudden.* The time within which the wicked purpose is formed is not material.

"Malice aforethought does not imply deliberation or the lapse of considerable time between the formation and execution of the intent to take life, but rather it denotes purpose and design. It means malice existing at any time before the killing so as to be its moving cause.

"In determining this element, you may consider the manner in which the killing was done, any weapon used, and all other circumstances." (Emphasis added.)

Defendant did not object to this instruction. Therefore, any error in the instruction requires reversal by this Court only if a miscarriage of justice occurred. *People v McMaster,* 105 Mich App 162; 306 NW2d 434 (1981).

An identical instruction was found to be erroneous, and to require reversal, by this Court in *People v Griffin,* 108 Mich App 625; 310 NW2d 829 (1981). Relying on *People v Richardson,* 409 Mich 126, 142-146; 293 NW2d 332 (1980), the Court found that "instructions telling the jury that 'the law presumes' or 'the law implies' facts of significance to the ultimate outcome of the case are erroneous". *Griffin, supra,* 631.

In *Richardson, supra,* 143-144, the Supreme Court found:

"The portion of the instruction which stated that the law implies malice 'from the unprovoked, unjustifiable, or inexcusable killing' or when 'a man kills another suddenly and without provocation' had the effect of withdrawing from the jury the essential factual issue of the existence of malice. The law, of course, does not imply malice from a sudden and unprovoked killing, and it was error to so instruct. The necessary factual element of malice may be permissibly inferred from the

facts and circumstances of the killing, but it can never be established as a matter of law by proof of other facts. *Maher v People* [10 Mich 212 (1862)], *supra, People v Martin* [392 Mich 553; 221 NW2d 336 (1974)], *supra.*

Even though the jury instruction was erroneous, on the facts of this case, we find that the error was harmless. An error does not necessitate reversal if it can be said that the erroneous instruction is "harmless beyond a reasonable doubt". *People v Wright,* 408 Mich 1; 289 NW2d 1 (1980), *People v Weaver (On Remand),* 98 Mich App 589; 296 NW2d 205 (1979).

In the present case, the disputed issue was identity and not intent as in *Griffin* and *Richardson.* Defendant did not assert a defense and no mitigating circumstances were presented to the jury that would indicate that the death was accidental or in any way unintentional. Richard Turner testified that during the party he accompanied the defendant and Ms. Perry to a field to have sex. He had a change of mind, turned and walked away, and then heard two gunshots. A dark object was allegedly observed in the defendant's hand. Also, another person testified that he overheard the defendant say he had "just wasted some chick out there". A bullet hole was discovered on the left side of the deceased's head and was allegedly the cause of death. Therefore, malice was not the focal point of this case, as it was in *Griffin* and *Richardson.* In addition, as previously noted, the defendant did not object to the instruction. We find that the instructional error was harmless.

Defendant also claims that the trial court erred in admitting evidence of a prior similar act. In reviewing questions regarding the admissibility of evidence, the decision of the trial court is not to be disturbed unless clearly erroneous. *People v Ro-*

*jem,* 99 Mich App 452; 297 NW2d 698 (1980), *People v McKinney,* 88 Mich App 715; 278 NW2d 728 (1979). A decision is clearly erroneous when the reviewing court is left with a firm conviction that a mistake has been made. *People v Goss,* 89 Mich App 598; 280 NW2d 608 (1979).

Vickie Toburen testified that she attended the party with the deceased. Later, she saw the defendant with a gun in his hand. The defendant kneeled over her and placed a handgun to her head. However, he fired the gun into the air after stating that he could not kill her. The act described by Ms. Toburen was similar to the prosecution's version of the act causing the death of Ms. Perry.

MRE 404(b) provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

Before evidence of similar acts can be admitted, it must be probative of one of the purposes specified in MRE 404(b), and the purpose must be material, *i.e.,* "in issue" in the case. *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979), *People v Wagner,* 104 Mich App 169; 304 NW2d 517 (1981). An issue may become material, *i.e.,* in issue, when the defendant disputes the issue by raising it in opening argument, cross-examination of prosecution witnesses, or by presenting affirma-

tive evidence. *People v Wilkens,* 82 Mich App 260; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds* 408 Mich 69 (1980). The list of permissible purposes for admission of similar acts in MRE 404(b) is not exhaustive. *People v Cramer,* 97 Mich App 148; 293 NW2d 744 (1980).

Ms. Toburen's testimony was probative of some of the purposes specified in MRE 404(b). Her testimony tended to show identity, the absence of mistake, and a common scheme. Additionally, the evidence tended to show that the defendant had a handgun capable of firing. The evidence was both relevant and material because the defendant's identity was in issue. Furthermore, the probative value of the testimony was not substantially outweighed by its prejudicial impact. Since identity was in issue, the testimony established that the defendant was at the party and had a handgun capable of firing. *People v King,* 107 Mich App 208; 309 NW2d 207 (1981). This Court is not left with a firm conviction that the trial court clearly erred in admitting the similar act testimony.

Moreover, there was no error on the part of the trial court in giving *sua sponte* the limiting instruction concerning the use of the similar act testimony when the evidence was offered and refusing to renew the instruction in the final charge to the jury. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), *People v King,* 58 Mich App 390; 228 NW2d 391, *lv den* 394 Mich 761 (1975).

Defendant's other claims of error lack merit.

Affirmed.